IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

**GORDON OGAWA,**

                Plaintiff,

      v.

**MALHEUR HOME**
**TELEPHONE COMPANY and**
**QWEST CORPORATION,**

                Defendants.

CV 08-0694-MO

OPINION & ORDER

**MOSMAN, J.**,

      Plaintiff Gordon Ogawa sued defendants Malheur Home Telephone Company and Qwest Corporation for discrimination, retaliation, wrongful discharge, and breach of contract in violation of state and federal law. I granted in part and denied in part defendants' motion for summary judgment, denying the motion as to the enforceability of Mr. Ogawa's release, defendants' *Ellerth-Faragher* defense, and Mr. Ogawa's claims for constructive discharge, retaliation and breach of contract, but granting the motion as to Mr. Ogawa's claims for age discrimination, gender discrimination, and wrongful discharge. (*See* Hr'g Tr. Mar. 17, 2010 (#76); Op. & Order (#74).) Defendants now move for reconsideration of my order denying summary judgment on the constructive discharge issue. For the reasons set forth below, I deny the motion.

PAGE 1   OPINION & ORDER

A party is not permitted to move for reconsideration simply to obtain a second bite at the apple. Rather, the motion "must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Medford Pac. v. Danmor Constr. Inc.*, 2 F. Supp. 2d 1322, 1323 (D. Or. 1998). A motion for reconsideration may be warranted by newly discovered evidence, a court's clear error, or an intervening change in the controlling law. *389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999).

Defendants argue that the decision to deny summary judgment on constructive discharge "is clear error under the Ninth Circuit's standard for constructive discharge and under the undisputed evidence in this case." (Mot. for Recons. (#75) 3.) Citing the Court's Opinion and Order of April 14, 2010, defendants argue that it was error for the Court to distinguish between formal and informal complaints because "the Ninth Circuit requires that an employee 'attack discrimination **within [his or her] existing employment relationship**, rather than when the employee walks away and then later litigates whether his employment situation was intolerable.'" (*Id.* (quoting *Poland v. Chertoff*, 494 F.3d 1174, 1184 (9th Cir. 2007) (emphasis added by defendants).)

Defendants have not shown that reconsideration is necessary to prevent clear error or prevent manifest injustice. Defendants cited *Poland v. Chertoff* as authority throughout their memorandum and reply in support of summary judgment, and I considered this authority carefully in reaching a decision. As stated at oral argument:

> I have said as clearly as I know how . . . that I believe [this case] is at the outermost boundary of the kinds of facts that would give rise to constructive discharge, but that in my view, in the light most favorable to the non-moving party on the rather unusual facts of this case, which take into account subsequent working conditions that have to be evaluated in light of the prior history of the parties and their dealings with each

PAGE 2   OPINION & ORDER

other, I deny summary judgment on constructive discharge.

(Hr'g Tr. Mar. 17, 2010 (#76) 46:17-47:1.) Based on the evidence presented at summary judgment, a reasonable juror could find that Mr. Ogawa complained about discrimination to his employers, was reinstated after a grievance procedure, and then experienced retaliation for his complaints. Under these unique circumstances, a reasonable juror could also find that Mr. Ogawa was not required to use, for a second time, the same formal complaint procedures that not only failed to address his underlying concerns but actually made his employment conditions worse. Nothing in that juror's reasoning would violate the Ninth Circuit's pronouncement that "federal antidiscrimination policies are better served when the employee . . . attack[s] discrimination within [his or her] existing employment relationship." *Poland*, 494 F.3d at 1184.

I further disagree that "as a matter of law, Mr. Ogawa failed to deal with his allegations within his existing employment relationship before he quit and sued" (Mot. for Recons. (#75) 3), and "it is undisputed that Mr. Ogawa never reported, whether formally or informally, any issue of unlawful conduct in the workplace" (*id.* at 4). Defendants are correct that the undisputed evidence shows that Mr. Ogawa failed to lodge a formal complaint. However, Mr. Ogawa presented evidence from which a reasonable juror could find that he complained informally to both his Communication Workers of America ("CWA") representatives and his employers.[1] (*See* Ogawa Decl. (#55) ¶¶ 53-54 ("I complained directly to [supervisor] Jones about not doing splicing and he would not answer me . . . . He admitted once that was true but said he wasn't

---

[1] Defendants may be correct that Mr. Ogawa did not complain about discrimination after he was reinstated (*see* Mot. for Recons. (#75) 4), but that issue is moot because defendants have already received summary judgment on Mr. Ogawa's discrimination claims on other grounds. For our purposes, the issue is whether there is evidence from which a reasonable juror could find that Mr. Ogawa complained about retaliatory behavior.

PAGE 3   OPINION & ORDER

going to do it . . . . [CWA representative] Horn talked to [Malheur Bell President] Todd also. Nothing changed. I complained to [the union representatives] so many times I was getting tired of it."); Duvall Decl. (#61) ¶¶ 13-15 (stating that, as CWA president, he tried to have a conversation with Todd on Ogawa's behalf); Gosiger Decl. (#57) Ex. 90 at 1 (email from CWA representative Gosiger to Qwest labor relations manager Shirley Gaertner, which describes Mr. Ogawa's complaints); Horn Dep. 32:4-32:22; 36:18-41:10 (describing several conversations in which he relayed Mr. Ogawa's concerns to Todd and Jones in an effort to fix the problems).) Based on this evidence, a reasonable juror could find that Mr. Ogawa attempted to address defendants' retaliatory behavior within his existing employment relationship before he quit, thereby satisfying *Poland*'s concerns.

    I recognize that defendants have a different view of this evidence, which a jury may find persuasive. But at the summary judgment stage, I view the evidence in the light most favorable to the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).

    For the foregoing reasons, defendants' Motion for Partial Reconsideration of Opinion and Order Denying Summary Judgment (#75) is DENIED.

    IT IS SO ORDERED.

    DATED this  6th  day of May, 2010.

                              /s/ Michael W. Mosman  
                              MICHAEL W. MOSMAN  
                              United States District Court